WHIDDEN & WIFE *v.* COLEMAN.

47   297
66   143

In trespass to lands conveyed to a married woman since the act of 1860, when the trespass complained of is simply a disturbance of the plaintiff's possession, the husband and wife should not be joined as plaintiffs, but the wife should sue alone.

In such case, if the husband and wife are joined as plaintiffs, the writ cannot be amended by striking out the name of the husband, or allowing him to become nonsuit.

TRESPASS, *qu. cl.* Plea, general issue and right of way.

In the writ, defendant was summoned to answer to Joseph W. Whidden and Elizabeth A. Whidden, "wife of the said Joseph, in right of the

wife," for breaking and entering "the close of the said Elizabeth," containing one half acre.

March 3, 1856, Daniel N. Pickering conveyed a tract of land containing about 30 acres, to said Joseph, and another tract containing about 60 acres to Wm. Berry.

The thirty acre tract was described as bounded southerly by land this day conveyed by me, said D. N. Pickering, to William Berry."

The sixty acre tract was described as bounded "northwesterly by land this day conveyed by me to Joseph W. Whidden and by land of Isaac Dow."

Dec. 3, 1858, said Berry conveyed said sixty acre tract to defendant, the tract being described in the deed to defendant as bounded "westerly by the wall or fence on the east side of the lane occupied by Joseph W. Whidden, northwesterly by land of said Whidden and land of Isaac Dow,"—"to have and to hold the said granted premises, with all the privileges and appurtenances to the same belonging."

Feb. 26, 1862, said Berry quitclaimed said half acre to said Elizabeth, but the land was not properly described in the deed.

Sept. 24, 1864, said Berry quitclaimed to said Elizabeth said half acre described as bounded southerly by land of N. P. Coleman, westerly by the road leading from Knight's Ferry, so called, to Portsmouth, and northwesterly by land of Joseph W. Whidden." The half acre is a triangular piece, and either is a part of the thirty acre tract, or is between that and the sixty acre tract. Said lane is on the half acre described in the last named deed, and is separated by a fence from the sixty acre tract.

Sept. 25, 1864, defendant entered said lane. If defendant had a right of way through said lane, his entry was lawful, otherwise it was a trespass. That entry is the trespass complained of—the writ being dated Sept. 28, 1864.

Each of the three tracts is bounded on one side by a highway at which the lane terminates. The thirty acre tract and the sixty acre tract are bounded on one side by the navigable tide waters of Piscataqua river.

Plaintiff and wife lived together as farmers and their wives usually do, on the thirty acre tract, and defendant lived on the sixty acre tract. Said Joseph testified that he had occupied the half acre since 1858, that there was formerly a fence on the northwesterly side of the half acre, and that some monuments or marks still remain showing where said northwesterly line was.

Defendant moved for a nonsuit, on the ground that the action could not be maintained by the plaintiffs jointly.

Plaintiffs moved for leave to amend by striking out one of the plaintiffs, or that one of them might become nonsuit, which motion the court ruled, *pro forma*, it was not in the power of the court to grant, and plaintiffs excepted. The court *pro forma* overruled defendant's motion for a nonsuit, and defendant excepted.

Defendant offered to show by parol evidence that the lane was a path plainly marked by use on the land, that it had always been free from obstruction until said 25th of September, that it was, and from time im-

memorial, had been, used as appurtenant to the sixty acre tract, and was a necessary passage for the convenient use of said tract, that it extended to defendant's house on said tract and to the river, and that another branch of the lane, starting further from the road than the place of alleged trespass, extended to land of said Dow and to the river.

The court *pro forma* rejected this evidence, and defendant excepted. The court *pro forma* ordered a verdict for plaintiff for one cent, and defendant excepted.

Defendant moved in arrest of judgment.

Ordered, that this case be reserved.

*Goodall*, for plaintiff.

*Hatch*, for defendant.

SARGENT, J.   Whatever rights the defendant may or may not have, the first question here is, whether the plaintiff, upon his own showing, can maintain this suit.   When Pickering owned the whole he deeded the northerly thirty acres to Joseph W., one of these plaintiffs, and the southerly sixty acres to Berry, bounding each by the other.

Afterwards, when Berry conveyed to defendant the southerly portion, he bounded him by the wall on the *east*, evidently meaning on the southerly or southeasterly side of said land, and subsequently Berry has conveyed by quitclaim a half acre, including this lane or road, to Elizabeth A. Whidden, the other plaintiff, wife of said Joseph W., the lane being a part of the half acre.   The case finds that said half acre was either a part of the thirty acres conveyed to Joseph W. Whidden by Pickering, or was a separate piece between that and the sixty acre piece, in which case it is claimed that the deed of Berry to Mrs. Whidden conveyed it to her.   If the land passed to Mr. Whidden, then there was nothing to be passed by the subsequent deed of Berry, and it is elementary, that, when a man who owns land in his own right, resides upon it with his wife, as farmers and their wives usually do, the possession is in the husband, and the wife should not be joined with him in an action of trespass for disturbing the possession of the land.   So, then, if said Joseph W. relied upon a title to this land in himself, and possession under that title, then the wife should not have been joined.

But said Joseph testified that he had occupied said land since 1858— the time when Berry conveyed to defendant and bounded him by the wall on the east or south side of the wood or lane—and it is claimed in argument that without regard to the title the plaintiffs can maintain this action, on the ground that said Joseph having occupied it with his wife, they may join in a suit for trespass to the land, as against a wrong doer. But until there is something to show some right or title in the wife, of some kind, the possession of the husband, though he occupied with his wife as farmers generally do, would be the possession of the husband only, in law, and if he relied on possession merely, without showing title, then the wife should not have been joined.

But this writ evidently was not brought with any view of relying up-

on said Joseph's title by deed, or on his possession of the *locus in quo*, since 1858. In the declaration the plaintiffs declare jointly in right of the wife for breaking and entering the close of the said Elizabeth, showing that the writ was made with a view of relying upon the deeds to the wife, one of which was given in 1862, and the other in 1864, both since₀ the statute of 1860, which in sec. 1 provides, "that every married woman shall hold to her own use, free from the interference or control of her husband, all property inherited by, bequeathed, given or conveyed to her, provided such conveyance, gift or bequest is not occasioned by payment or pledge of the property of the husband."

In sec. 4 it also provides that "any married woman holding property to her sole and separate use, free from the interference or control of her husband, may sue or be sued in her own name as though sole, in all matters pertaining to said property, and upon all debts contracted by her before marriage."

Under this statute, if the land was claimed under the deed to the wife, she would hold it to her sole and separate use, and could bring suits of trespass for any entry upon the land, in her own name, just as though she were sole. It would seem to be plain that in such case the husband should not join with the wife; 1st, because her disability being removed, there is no longer any necessity of the husband's joining in the suit; and 2d, because, in a case of this kind, the husband has no interest whatever in the suit, and hence should not be joined as a party to it, any more than any stranger.

If this suit were brought to recover damages for some permanent injury to the land, which might affect the husband's right as tenant by the courtesy or in any other way, a different question would be raised, but here the trespass complained of is simply a disturbance of the present possession of the land, which is clearly the wife's sole possession during her life, from any right of interference with or control of which the husband is expressly excluded by the terms of the statute. The husband and wife are therefore improperly joined as plaintiffs.

The motion for leave to amend by striking out one of the plaintiffs, or allowing one to become nonsuit, was not allowable at common law; 1 Chitty's Pl. 66, where it is said "if, however, too many persons be made co-plaintiffs, the objection, if it appear on the record, may be taken advantage of either by demurrer in arrest of judgment, or by writ of error, or if the error do not appear on the face of the pleadings, it would be a ground of nonsuit on the trial." Here the objection did not appear on the record, as by the declaration it did not appear when the wife acquired her title upon which she relied in this suit, and if that title had been acquired before 1860, then it might have been proper to have joined the husband. Hence, when the facts appeared in evidence, it was proper to move for nonsuit. Our statute authorizing amendments, ch. 198 Comp. Laws, is not broad enough to cover this case.

It becomes unnecessary, therefore, to consider the other questions raised in the case, as the defendant's exception must be sustained, and the

                              *Plaintiff nonsuit.*